FILED
DISTRICT COURT

2006 OCT 10 A 10: 27

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| FRANCISCO VALDEZ-PALACIOS, <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES of AMERICA, <br><br> Respondent. | **MEMORANDUM OPINION AND ORDER** <br><br><br> Case No. 2:05CV1039 <br> *Related to Case No. 2:03CR913* <br><br> Judge Dee Benson |

Petitioner Francisco Valdez-Palacios has moved the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Having reviewed the briefs and relevant law, the Court hereby DENIES the motion for the reasons set forth below.

## BACKGROUND

On November 25, 2003, Mr. Valdez-Palacios was indicted by a grand jury for one count of violating 8 U.S.C. § 1326 (Illegal Reentry of a Previously Deported Alien). The U.S. Probation Office prepared a Presentence Report and calculated an offense level of 21 and a criminal history of 6, resulting in a recommended sentence of 77 to 96 months. The offense level calculation included a 16-level enhancement based on Mr. Valdez-Palacios's prior conviction for felony drug trafficking pursuant to U.S.S.G. § 2L1.2. *See* Presentence Report, at ¶ 16 and ¶ 32. The Presentence Report stated that "Police reports reflect that police intercepted the sale of three pounds of methamphetamine through the use of a confidential informant." *Id.* Mr. Valdez-Palacios was sentenced to 2 years in prison for this offense. *Id.*

Mr. Valdez-Palacios was sentenced on August 18, 2004. Ed Hannan attended the

sentencing hearing and provided interpreting services for Mr. Valdez-Palacios. *See* Transcript of

Sentencing, at 3. Neither Mr. Valdez-Palacios nor his attorney disputed the offense level,

criminal history level, calculated sentencing range, or any items included in the Presentence

Report. At the sentencing hearing, Mr. Valdez-Palacios offered the following statements:

> *The Court*: Mr. Valdez-Palacios, would you like to say anything in your
> own behalf before I sentence you?
> *The Witness*: I just want to repeat what my attorney said, and that is that I
> came back to this country because I wanted to change...I accept my culpability for
> having come back. I am here and I am guilty. In the past I have made mistakes
> and done things wrong and I ask forgiveness to society and to everyone whom I
> have harmed.

Transcript of Sentencing, at 8. After Mr. Valdez-Palacios and his attorney concluded their

statements, the Court sentenced Mr. Valdez-Palacios to a term of 87 months imprisonment

followed by 36 months of supervised release.

Following his sentencing, Mr. Valdez-Palacios appealed his sentence to the U.S. Court of

Appeals for the Tenth Circuit. Mr. Valdez-Palacios argued that the district court erred by ruling

that the U.S. Sentencing Guidelines were mandatory and applying them as such at his sentencing.

The Tenth Circuit denied the appeal. *See* 147 Fed. Appx. 3, 6 (10th Cir. 2005). Mr. Valdez-

Palacios then appealed to the U.S. Supreme Court; however, it denied certiorari. *See* 126 S. Ct.

787 (2005). On December 14, 2005, Mr. Valdez-Palacios filed the instant action.

## ANALYSIS

Mr. Valdez-Palacios asserts two errors: (1) ineffective assistance of counsel, and (2)

failure to provide adequate interpreter services and pleadings in his native tongue, Spanish.

### A. Ineffective Assistance of Counsel

To prevail on a claim for ineffective assistance of counsel, Mr. Valdez-Palacios must

show that his attorney "made errors so serious that counsel was not functioning as the 'counsel'

guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668,

687 (1984). Mr. Valdez-Palacios must also show that his counsel's performance prejudiced him such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694.

Mr. Valdez-Palacios claims that his counsel failed to argue against the U.S.'s motion for a 16-level sentencing enhancement resulting from his previous convictions. Mr. Valdez-Palacios argues that those convictions were mischaracterized as "crimes of violence" and that had his counsel correctly informed the court regarding his criminal history, his sentence would have been different.

Mr. Valdez-Palacios' argument is misguided. The 16-level enhancement resulted not because his previous offense was a crime of violence, but rather because he had previously been convicted for felony drug trafficking. Under the Sentencing Guidelines, the base level for the offense of unlawfully entering or remaining in the United States is 8; but it is increased by 16 "[i]f the defendant previously was deported, or unlawfully remained in the United States, after...a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A).

Mr. Valdez-Palacios' conviction for "Possession of Methamphetamine for Sale" in Los Angeles in 1999 satisfies the requirements for the sentencing enhancement. It was a felony drug trafficking offense and his sentence exceeded 13 months. Mr. Valdez-Palacios did not challenge this drug trafficking conviction or any portion of the presentence report, which set forth the offense level calculation in detail, at the sentencing hearing. On the contrary, Mr. Valdez-Palacios readily admitted his guilt. The 16-level enhancement was proper pursuant to the sentencing guidelines and there is no indication that the sentencing result would have been different had Mr. Valdez-Palacios' counsel pursued a different track. For these reasons, the claim for ineffective assistance of counsel fails.

**B. Failure to Provide Adequate Interpreter Services**

Mr. Valdez-Palacios next argues that his Due Process rights were violated because he was not provided with legal documents in Spanish and because of general failure of the criminal justice system to protect the rights of foreign, non-English speaking, criminally-accused persons. This claim, however, is clearly controverted by the record.  In his written plea agreement, Mr. Valdez-Palacios admitted that "the nature of the charges against me have been explained.  I have had an opportunity to discuss the nature of the charges with my attorney and I understand the charges."  U.S.'s Mem. in Opp., 6-7.  Additionally, Mr. Valdez-Palacios was provided an interpreter at his sentencing hearing and he made no mention of any interpretive problems.  Because Mr. Valdez-Palacios was provided interpretive services and raised no concerns about language difficulties at any time prior to the present action, the claim for failure to provide adequate interpretive services fails.

## CONCLUSION

For the reasons stated above, Mr. Valdez-Palacios's motion to vacate, set aside, or correct his sentence in accordance with 28 U.S.C. § 2255 is hereby DENIED.

IT IS SO ORDERED.

DATED this _10th_ day of October, 2006.


Dee Benson
United States District Judge

I:\Lawclerk\Scott Young\2255\Valdez-Palacios 2.wpd